```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


1510 CHESTNUT PARTNERS LP       :        CIVIL ACTION
                                :
          v.                    :
                                :
WESCO INSURANCE COMPANY et al.  :        NO. 23-2698
```

MEMORANDUM

Bartle, J.                                      September 21, 2023

      Plaintiff 1510 Chestnut Partners, LP has sued Wesco Insurance Company ("Wesco") and AmTrust North America, Inc. ("AmTrust") for breach of contract and for declaratory relief. The action was originally filed in the Court of Common Pleas of Philadelphia County and timely removed based on diversity of citizenship and the requisite amount in controversy. See 28 U.S.C. § 1332(a). Wesco has filed an answer.

      AmTrust has taken a different course. It has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff has not stated a claim upon which relief can be granted. At this stage, the Court must accept as true all well pleaded facts against AmTrust. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court may also consider in deciding the motion undisputedly authentic documents. Pension Benefit Guaranty

Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Plaintiff insured its mixed-use building at 1510 Chestnut Street in Philadelphia under a commercial insurance policy issued by Wesco. On July 17, 2021, the building experienced damage as a result of a power outage and blown transformer. Plaintiff seeks damages from Wesco under the policy as well as a declaratory judgment.

In addition to Wesco, plaintiff seeks relief against AmTrust which plaintiff identifies in the complaint as an entity that "administers the claims of Wesco." Plaintiff claims that AmTrust is liable along with Wesco for breach of the insurance contract and is also subject to declaratory relief.

AmTrust asserts in support of its motion to dismiss that it is not an insurer but rather an administrator or adjuster and cannot be held for breach of the insurance contract or subject to declaratory relief as it is not a party to the contract.

It is well established in Pennsylvania that a claims adjuster or claims administrator who assists an insurer in evaluating claims is not in contractual privity with the insured and cannot be sued for breach of contract. The Pennsylvania Supreme Court explained in Hudock v. Donegal Mut. Ins. Co.:

> The basic defect in these allegations, as noted by the court below, is the failure to establish a contractual relationship between the adjusters and the insured appellants. Without such a relationship, it is impossible for the adjusters to be liable for breach of contract to the insureds. . . . The adjusters had a duty to their principals, the insurance companies, to perform whatever tasks were assigned to them, but this duty did not serve to create a contractual obligation between the adjusters and appellants.

264 A.2d 668, 670 (Pa. 1970).  Thus, the adjuster or claims administrator is merely the agent of the principal, that is the insurance company.  That relationship does not establish a contractual relationship between the insured and the agent, that is the adjuster or claims administrator.  See McLaren v. AIG Domestic Claims, Inc., 853 F. Supp. 2d 499, 513 (E.D. Pa. 2012); Wedemeyer v. U.S. Life Ins. Co., No. CIV.A. 05-6263, 2007 WL710290 at *16 (E.D. Pa. March 6, 2007).

Plaintiff seeks to avoid dismissal by pointing to the fact that the insurer provided the insured with the following:

> KEEP THIS NOTICE WITH YOUR INSURANCE PAPERS
>
> In the event you need to contact someone about this insurance for any reason, please contact your agent.  If no agent was involved in the sale of this insurance, or if you have additional questions, you may contact AmTrust North America at the address and/or telephone number below.

This notice goes on to state under the heading "AmTrust Service" that "AmTrust's claims staff has an average of 20+ years of

experience and provides effective management of claims." The notice nowhere states or implies that AmTrust is an insurance company.

The plaintiff further relies on an October 2, 2022 letter which AmTrust sent to plaintiff after the loss to its building. Plaintiff quotes the following excerpts from the letter:

> AmTrust North America administers the claims of its member insurance companies including Wesco Insurance Company. <u>As your property insurer</u>, we previously received notice of your claim and assigned an adjuster . . . .
> . . . .
> <u>Our</u> settlement check to you in the amount of $105,000.00 is being forwarded under separate cover.
> . . . .
> <u>This letter and our actions to date in the investigation of this matter do not constitute a waiver of any policy provisions or defenses available to us</u>.
> . . . .
> I thank you for your time and the <u>opportunity to serve your insurance needs</u>.

(emphasis added by plaintiffs).

This letter does not help plaintiff. The "Re:" line at the top of the October 3, 2022 letter clearly identified Wesco as the insurance company. The body of the letter began with the sentence, "AmTrust . . . administers the claims of its member insurance companies including Wesco . . . ." While the letter then does use the phrase "As your property insurer," no reasonable person could be confused that AmTrust is holding

itself out as the insurer as a result of these few poorly chosen words.  Significantly, the October 3, 2022 letter is signed by Linda Magruder who identifies herself as <u>a claims adjuster</u> with AmTrust.  In this position she hardly has the authority to transmute AmTrust so as to impose on it the obligations of an insurer.  Wesco is the insurance company and AmTrust is an administrator and adjuster, as the letter clearly states and as plaintiff concedes in its complaint.  AmTrust, as noted above, is merely the agent of the principal, that is Wesco, the insurer.  AmTrust is simply not a party to this insurance contract.  No incidental and obvious misstatement in a letter from a claims adjuster for AmTrust can change this fact and create privity of contract between AmTrust and the plaintiff.

      Accordingly, the motion of AmTrust to dismiss the complaint as to it for failure to state a claim will be granted.